IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK MORTIMER,<br><br>      Plaintiff,<br><br>  v.<br><br>JP MORGAN CHASE BANK, NATIONAL ASSOCIATION an FDIC insured corporation and DOES 1 through 100 inclusive,<br><br>      Defendant.<br>_____/ | No. C 12-1936 CW<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND GRANTING LEAVE TO AMEND |

Plaintiff Mark Mortimer has sued Chase Bank USA, N.A., for allegedly furnishing inaccurate information concerning his credit card account to Experian, a credit reporting agency (CRA), and failing to investigate and correct the disputed information. He also seems to complain that Chase failed to report to Experian that he continued to dispute information about his Chase account. Mortimer originally alleged nine causes of action under (1) the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681s-2(b); (2) the California Song-Beverly Credit Card Act of 1971, Civil Code section 1747; (3) the California Consumer Credit Reporting Agencies Act (CCRAA), Civil Code section 1785.25(a); (4) California's Unfair Competition Law (UCL), Business and Professions Code section 17200; (5) libel, California Civil Code section 45; (6) intentional infliction of emotional distress; (7) negligent infliction of emotional distress; (8) deceit, California Civil Code section 1710; and (9) constructive fraud, California Civil Code section 1573. Chase moves to dismiss the

action. Docket No. 5. Mortimer opposes the motion. After the hearing, Mortimer filed a First Amended Complaint (1AC), alleging only FCRA, CCRAA and UCL causes of action.

Having considered all of the parties' submissions and oral argument, Mortimer's FCRA, CCRAA and UCL claims are dismissed with leave to amend. The remaining claims are dismissed without leave to amend.

## BACKGROUND

Mortimer alleges the following. As of November 2009, he held a Chase credit card account. On November 3, 2009, he filed a voluntary petition for Chapter 7 bankruptcy in the Northern District of California. On February 8, 2010, he was granted a discharge of debts pursuant to 11 U.S.C. § 727. Compl., ¶ 15, Ex. B, Discharge of Debtor and Final Decree.

On April 21, 2011, Mortimer sent a letter to Experian stating that, among other items allegedly in error, the Chase account ending in the numbers 0032 "was included in [his] bankruptcy and should not be showing any lates. Remove these lates now." Compl., ¶ 16 and Ex. A, Dispute Letter.

After receiving notice of Mortimer's allegations from Experian, he complains, Chase failed to report that Mortimer disputed the account information. It is not clear why Mortimer complains of this fact, given that it was Experian that told Chase that he disputed the reports of delinquencies.

On May 10, 2011, Mortimer requested his Experian credit report to verify that the inaccuracies were corrected. Compl. Ex. C, Experian Report. According to Mortimer, Chase had removed the previously reported delinquencies and reported to Experian

2

that his account was closed before he filed for bankruptcy. Compl., ¶ 17. It is not clear whether he complains that Chase inaccurately reported his account as closed.

On March 15, 2012, Mortimer received his Service 1st Credit Report, a compilation of credit reports from all three credit reporting agencies. Compl., Ex. D (Service 1st Report). Mortimer alleges that Chase "re-reported the disputed information to Experian, that Plaintiff's account was open and delinquent in December 2009 and January 2010 even though Plaintiff filed for bankruptcy." Compl., ¶ 18. Mortimer complains that Chase failed to report that Mortimer continued to dispute this account information. Compl., ¶ 18.

It seems that the gravamen of Mortimer's complaint is that Chase reported overdue payments on his account for two months after he filed for bankruptcy but before his debts had been discharged. He does not allege that this was inaccurate as a matter of fact.

LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). On a motion under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d

3

896, 898 (9th Cir. 1986). However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

Although the court is generally confined to consideration of the allegations in the pleadings, when the complaint is accompanied by attached documents, such documents are deemed part of the complaint and may be considered in evaluating the merits of a Rule 12(b)(6) motion. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).

DISCUSSION

I. Fair Credit Reporting Act

Chase argues that Mortimer's FCRA claim must be dismissed because he has failed to allege that Chase gave any inaccurate information to Experian. Mortimer responds that he has alleged two separate violations of the statute, one claim concerning Chase's failure to investigate the reported inaccuracy and another

4

claim based on Chase's alleged failure to report Mortimer's continuing dispute of the claimed inaccuracy to Experian.

Congress enacted the FCRA, 15 U.S.C. §§ 1681 et seq., in 1970 "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47 (2007). To ensure that credit reports are accurate, the FCRA imposes certain duties on the furnishers that provide credit information to CRAs. Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1153 (9th Cir. 2009).

Section 1681s-2(a) describes the "[d]uty of furnishers to provide accurate information," and subsection (b) establishes the duties of furnishers after receiving notice of a dispute. 15 U.S.C. § 1681s-2. Among other responsibilities, subsection (a) prohibits furnishers from reporting information with actual knowledge of errors and requires furnishers to correct and update information, and provide notice of disputes and closed accounts. 15 U.S.C. § 1681s-2(a)(1)(A), (2), (3). Subsection (b) provides that the furnisher shall, after receiving notice of a dispute from the CRA, conduct an investigation of the disputed information; review all relevant information provided by the CRA; report the results of the investigation to the CRA; and, if the investigation reveals that the information is incomplete or inaccurate, report those results to all other CRAs to which the person furnished the information. 15 U.S.C. § 1681s-2(b)(1)(A)-(D); Gorman, 584 F.3d at 1154.

While the "[d]uties imposed on furnishers under subsection (a) are enforceable only by federal or state agencies," §§ 1681n and 1681o provide a limited private right of action that

applies to § 1681s-2(b)'s requirement to investigate disputes and report inaccuracies. <u>Gorman</u>, 584 F.3d at 1154 (citing 15 U.S.C. §§ 1681s-2(c) and (d)).

As noted earlier, Mortimer asserts a claim based on Chase's alleged failure to report to Experian that Mortimer continued to dispute his payment delinquencies. Here, Mortimer has alleged that, after he sent Experian a written notice that he disputed Chase's reporting, Experian notified Chase of his dispute, but Chase later failed to inform Experian of the results of its investigation, that is, that Mortimer still disputed the credit information.

This claim is insufficiently alleged because Mortimer has not asserted that Chase reported incomplete or inaccurate information in the first place. "Holding that there is a private cause of action under § 1681s–2(b) does not mean that a furnisher could be held liable on the merits simply for a failure to report that a debt is disputed. The consumer must still convince the finder of fact that the omission of the dispute was 'misleading in such a way and to such an extent that [it] can be expected to have an adverse effect.'" <u>Id.</u> at 1163 (citing <u>Saunders v. Branch Banking & Trust Co. of Va.</u>, 526 F.3d 142, 150 (4th Cir. 2008)). "In other words, a furnisher does not report 'incomplete or inaccurate' information within the meaning of § 1681s–2(b) simply by failing to report a meritless dispute, because reporting an actual debt without noting that it is disputed is unlikely to be materially misleading." <u>Id.</u>

Mortimer argues that he has alleged a claim under § 1681s-2(b) of the FCRA because Chase unlawfully reported delinquencies

6

after he filed his bankruptcy petition.  Mortimer claims, not that he made timely payments, but that Chase's reporting violated the letter and the spirit of 11 U.S.C. § 362.  Mortimer argues that this provision of the Bankruptcy Code, which in general imposes a stay on creditors' collection activities, prohibits Chase from reporting any derogatory information arising while the bankruptcy petition was pending.  Section 362 does not stand for the proposition that an individual is not obliged to make timely payments on his accounts while his petition for bankruptcy is pending.  Rather, § 362 limits collection activities in pursuit of claims that arose before the bankruptcy petition.  While it might be good policy in light of the goals of bankruptcy protection to bar reporting of late payments while a bankruptcy petition is pending, neither the bankruptcy code nor the FCRA does so. Mortimer has not alleged that he was timely in making payments on his Chase account in November 2009, December 2009 or January 2010. Thus, Mortimer has not alleged an inaccuracy or misleading statement for the purposes of his FCRA claim, and the failure to report his meritless dispute is not actionable.

In footnote seven of his opposition, Mortimer argues that the court's decision in In re Burgess, 2007 WL 130818 (Bankr. E.D. Va.), demonstrates that a plaintiff may state a claim for violation of the automatic stay where the defendant reported post-petition delinquencies even though the credit report indicated that the plaintiff received a Chapter 7 discharge and carried a zero balance.  The case is inapposite because it did not involve a claim under the FCRA, but instead concerned a motion to reopen a

7

bankruptcy case and a claim for violation of the bankruptcy discharge injunction.

Mortimer also contends in his opposition brief that he has alleged that Chase provided inaccurate and incomplete information because the Service 1st Report shows that his Chase account was open and collectable while he was in bankruptcy, when the account was closed.  Such facts, however, are not alleged in Mortimer's original complaint.  Mortimer's 1AC likewise does not allege that Chase continued to report that he had an account that was open and delinquent at a time when his account was closed with a zero balance.

Thus, because Mortimer has not alleged that Chase furnished inaccurate credit information in the first instance or after investigation, he has insufficiently plead a FCRA violation for failure to investigate or failure to report its investigation of the dispute to Experian.  Because Mortimer does not dispute that the payments were delinquent, there was no inaccuracy for Chase to investigate and no bona fide dispute or corrected information for Chase to report to back to Experian.  However, Mortimer's FCRA claim is dismissed with leave to amend his complaint to allege that Chase furnished material false information, and then failed to investigate and report Mortimer's dispute and the corrected information.

II. State Claims

Chase argues that Mortimer's state claims should be dismissed because they are preempted by the FCRA and insufficiently alleged. Mortimer's original complaint alleged several causes of action under California statutory and common law which are subject to two

8

preemption provisions of the FCRA, 15 U.S.C. § 1681h(e) and § 1681t(b)(1)(F). After the hearing on this motion, Plaintiff submitted his 1AC, omitting his Song-Beverly Credit Card Act claim, as well as his claims for libel, negligent and intentional infliction of emotional distress, deceit and constructive fraud. Accordingly, the Court considers whether Plaintiff's remaining CCRAA and UCL claims are preempted.

Section 1681t states,

(a) Except as provided in subsections (b) and (c) of this section, this subchapter does not annul, alter, affect, or exempt any person subject to the provisions of this subchapter from complying with the laws of any State with respect to the collection, distribution, or use of any information on consumers, or for the prevention or mitigation of identity theft, except to the extent that those laws are inconsistent with any provision of this subchapter, and then only to the extent of the inconsistency.

(b) General exceptions

No requirement or prohibition may be imposed under the laws of any State--

(1) with respect to any subject matter regulated under--

. . .

(F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply--

. . .

(ii) with respect to section 1785.25(a) of the California Civil Code (as in effect on September 30, 1996);

15 U.S.C. § 1681t.

In sum, § 1681t generally provides that the FCRA does not preempt state law requirements, except those relating to the

9

furnishing of accurate information to CRAs.  An exception to the exception is California Civil Code section 1785.25(a), a provision of the CCRAA, which is specifically not preempted.

Mortimer alleges a CCRAA claim under section 1785.25(a), which states, "A person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."  Mortimer alleges that Chase "intentionally and knowingly reported inaccurate and false information regarding delinquency in payment to credit reporting agencies and date of discharge in violation of California Civil Code § 1785.25."  Compl. at ¶ 50.  Unlike the FCRA, the CCRAA includes a private right of action to enforce the prohibition against supplying incomplete or inaccurate consumer credit information.  Cal. Civ. Code § 1785.25(g) ("A person who furnishes information to a consumer credit reporting agency is liable for failure to comply with this section, unless the furnisher establishes by a preponderance of the evidence that, at the time of the failure to comply with this section, the furnisher maintained reasonable procedures to comply with those provisions.").  Mortimer's CCRAA claim is not preempted by the FCRA.  Gorman, 584 F.3d at 1169; see also Carvalho v. Equifax Information Services, LLC, 629 F.3d 876, 888-89 (9th Cir. 2010).  As explained above, however, Mortimer has failed to allege a falsity.  Therefore, Mortimer's CCRAA claim under section 1785.25(a) is dismissed with leave to amend to allege one.

Mortimer also asserts a UCL claim.  In El-Aheidab v. Citibank (South Dakota), N.A., 2012 WL 506473 (N.D. Cal.), relying on

10

1 Gorman, another judge in this district ruled that, to the extent
2 the plaintiff based his UCL claim solely on violations of
3 section 1785.25(a), such a claim is not preempted because it does
4 not impose any additional substantive duties on the defendant and
5 is merely an additional procedural vehicle for enforcing section
6 1725.25(a).  Although Gorman did not address whether FCRA
7 preempted a claim under the UCL, it considered a defendant's
8 argument that the plaintiff's claim under section 1785.25(a) was
9 preempted, despite the language of the § 1681t(b)(1)(F) exception,
10 because the two provisions that established a private right of
11 action to enforce section 1785.25(a) were found elsewhere in the
12 state Civil Code and were not expressly excepted from FCRA
13 preemption.  The Ninth Circuit, however, rejected this argument,
14 because the two provisions referred to do not impose a
15 "requirement or prohibition" but instead "merely provide a vehicle
16 for private parties to enforce other sections, which do impose
17 requirements and prohibitions."   584 F.3d at 1171.
18      As alleged in Mortimer's claim, the UCL does not impose any
19 additional duties, but is merely another vehicle for enforcing
20 section 1725.25(a).  A UCL claim under section 17200 "'borrows'
21 violations of other laws and treats them as unlawful practices
22 independently actionable under section 17200."  Saunders v.
23 Superior Court, 27 Cal. App. 4th 832, 838-39 (1994).
24      Wang v. Asset Acceptance, LLC, 681 F. Supp. 2d 1143, 1150
25 (N.D. Cal. 2010), also relied on Gorman, but concluded that the
26 plaintiff's UCL claims were preempted without regard to whether
27 they were predicated on a violation of section 1725.25(a).  Wang
28 determined that the UCL "does impose a requirement or prohibition.

11

This statutory scheme prohibits 'any unlawful, unfair or fraudulent business act or practice . . . [and] provides plaintiffs with an independent cause of action." 681 F. Supp. 2d at 1150. This Court finds El-Aheidab more persuasive because the fact that the UCL provides for a cause of action does not demonstrate that the law itself imposes an additional requirement.

Thus, Mortimer's UCL claim is not preempted, but it is dismissed because, as explained above, he has not alleged an inaccuracy in the first instance.

## CONCLUSION

Chase's motion to dismiss is granted. Mortimer's FCRA, CCRAA and UCL claims are dismissed with leave to amend to allege an actual factual inaccuracy. Mortimer may submit an amended complaint, within seven days, solely to address the defects addressed in this order. No new claims may be alleged. The parties shall appear for a case management conference on October 4, 2012 at 2:00 pm.

IT IS SO ORDERED.

Dated: 8/2/2012

CLAUDIA WILKEN
United States District Judge